**Frank J. CAMBRA, Plaintiff–Appellant,**

v.

**CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION, fka Chevron Texaco Overseas Petroleum, Defendant–Appellee.**

No. 06–17021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 5, 2008.

Charles A. Bonner, Esquire, Peter F. Lacques, Esquire, A. Catherine Lagarde, Esquire, Adam Cabral Bonner, Esquire, Law Offices of Charles A. Bonner, Sausalito, CA, for Plaintiff–Appellant.

Lisa C. Hamasaki, Michele Ballard Miller, Miller Law Group, San Francisco, CA, for Defendant–Appellee.

Before: NOONAN, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM *

The district court did not err in holding that Cambra failed to make a pri-

---

* This disposition is not appropriate for publication and is not precedent except as provided

ma facie case of age discrimination as to the six positions for which he applied. Because two positions were filled by persons who were not substantially younger than Cambra, their selection over Cambra did not give rise to the inference of age discrimination necessary to establish a prima facie case. *Diaz v. Eagle Produce Ltd. P'ship,* 521 F.3d 1201, 1208–09 (9th Cir. 2008). The district court did not err in granting summary judgment as to the four unfilled positions, because Cambra failed to show Chevron "continued to seek applicants from persons of [his] qualifications." *McGinest v. GTE Service Corp.,* 360 F.3d 1103, 1137 (9th Cir.2004). Cambra's unsupported belief that one of the unfilled positions was subsequently filled is insufficient to create a genuine issue of material fact. *Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1028 (9th Cir. 2001) (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

 Nor did the district court err in determining Cambra failed to establish a prima facie case of age discrimination for the three positions for which he was considered, but for which he did not apply. Two of the positions went unfilled, and Cambra failed to show Chevron "continued to seek applicants from persons of [his] qualifications." *McGinest,* 360 F.3d at 1137. With respect to the position that was filled, Cambra did not establish that the person selected to fill the position, Will Bradford, was substantially younger than Cambra. The district court did not abuse its discretion in determining the handwritten notation purporting to set forth Bradford's age was inadmissible. Because there was no showing as to the note's source, the district court correctly sustained defendant's objection to the evidence on the ground of lack of foundation.

Nor was the evidence admissible under the business records exception, because Cambra did not establish whether such notes were kept in the course of regularly-conducted business activity. Fed.R.Evid. 803(6).

 The district court did not abuse its discretion by relying on the deposition and declaration of Fiona Young. Because Young was General Manager for Human Resources and had observed the Personnel Development Committee (PDC) meeting, Young's testimony with respect to the PDC's decision-making process and the purpose and use of the 360–degree employee-feedback report was sufficient "to support a finding that [Young] ha[d] personal knowledge of the matter." *Carmen,* 237 F.3d at 1028 (quoting Fed.R.Evid. 602). Young's testimony that the PDC indicated certain people were a better fit than Cambra for some positions and that no one was a good fit for other positions was not hearsay because it relied on her direct observation and was not offered for the truth of the matter asserted. *See* Fed. R.Evid. 801. Nor did the district court abuse its discretion by denying Cambra's motion to strike Young's statements as contradictory. Young's inability to remember specific conversations or reasons one person was hired over another and her statement that the PDC did not rely on the 360–degree report do not create a reason to strike the testimony.

Accordingly, we **AFFIRM.**